**UNITED STATES of America, Plaintiff**

v.

**Gary JACKMAN, Defendant.**

**Crim. A. No. 93–10045–GN.**

United States District Court, D. Massachusetts.

Nov. 24, 1993.

Miriam Conrad, Federal Defender Office, Boston, MA, for defendant.

Robert E. Richardson, U.S. Atty's Office, Major Crime's Div., Boston, MA, for U.S.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On July 15, 1993, defendant, Gary Jackman, filed a motion seeking the suppression of testimony resulting from a line-up conducted on January 20, 1993 in this case. As grounds for this motion, defendant submitted that the line-up was unnecessarily suggestive and unreliable, and thus, in violation of defendant's due process rights. In furtherance of his motion, defendant requested an evidentiary hearing before this Court, which was held on November 24, 1993.

The government opposed defendant's contention that the lineup was impermissibly suggestive and asserted that defendant failed to allege facts sufficient to entitle him to either an evidentiary hearing or suppression of the identification evidence. In support of its contention, the government provided a videotape of the line-up.

Upon consideration of the videotape, all of the memoranda filed by the parties and the evidence presented at the hearing, defendant's motion to suppress is hereby DENIED.

## I. *Factual and Procedural Background*

On December 24, 1992, the Boston Five Cents Savings Bank in Revere, Massachusetts was robbed. Defendant was arrested on January 8, 1993, in Farmington, Connecticut, as a suspect in a bank robbery in Avon, Connecticut the previous day. The line-up in question was conducted on January 20, 1993 in Glastonbury, Connecticut with respect to the two robberies. The attorney then representing the defendant in the Connecticut case was present, and, after having defendant's position in the line-up changed, made no further objection to it. At the time of the line-up, defendant had not been formally charged with the Revere robbery. Two witnesses of the Revere robbery and one witness of the Avon robbery viewed the line-up separately. The Avon robbery witness and one of the Revere robbery witnesses identified the defendant.

Defendant contends that the lineup was suggestive because of the relative heights, weights and hair color of the participants. He argues that only one other participant was shorter or thinner than defendant, and that his hair color was lighter than all of the other participants. Furthermore, defendant submits that the line-up was suggestive because it took place under circumstances indicating to the witnesses that more than one crime had been committed by the same person.

The government strenuously disagrees with defendant's contentions, arguing that nothing in the composition of the line-up caused defendant to stand out. According to the government, the three witnesses were instructed not to discuss the line-up among themselves before or after they viewed the line-up separately. In addition, the government alleged that the witnesses were never told that they should or must pick out anybody from the line-up.

The government also argues that the line-up was comprised of six white males with mustaches wearing identical solid-colored baseball caps and casual attire. The six men were of similar build and of the six, two were somewhat shorter than defendant, one was approximately the same height and two were somewhat taller. Finally, the government contends that even if the circumstances of the line-up suggested that the apprehended person was a suspect in both the Avon and Revere robberies, that could not and did not in any way pre-dispose a witness to pick a particular individual out of the line-up. The Court agrees with the government's contention.

## II. *Legal Reasoning*

To determine whether an identification process violated a defendant's due pro-

cess rights, the United States Court of Appeals for the First Circuit has consistently applied a two-prong test. *See United States v. Gray,* 958 F.2d 9, 12–14 (1st Cir.1992); *United States v. Bouthot,* 878 F.2d 1506, 1514 (1st Cir.1989). Under the first prong, this Court must determine whether the identification procedure used was "impermissibly suggestive". *Gray, supra* at 14, *quoting Bouthot, supra.*

If, and only if, this Court finds that the first prong is satisfied, is it to address the second prong of the test. Under the second prong, if this Court has determined that the procedure was impermissibly suggestive, an examination is to be made as to whether, under the totality of the circumstances, the identification is nonetheless reliable, or instead, that there is a very substantial likelihood of irreparable misidentification. *Id.* To make the second-prong determination, if it were necessary, this Court would consider the factors set forth in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382–83, 34 L.Ed.2d 401 (1972), including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the identification and the time between the crime and the identification.

In his motion papers, defendant addresses the elements of the second prong of the test described above. However, because this Court finds that the defendant has not met his burden of demonstrating that the procedure was impermissibly suggestive, there is no need to address the elements of that second prong. Even in cases in which a court has found the procedure to have been impermissibly suggestive, the identification was admissible where it was found to have been reliable under the totality of the circumstances. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Perron v. Perrin,* 742 F.2d 669, 676 (1st Cir.1984). Therefore, where, as in the case at bar, a court finds that the first prong of the test has not been established, consideration of the reliability of the identification would be improper.

Guided by the analysis enunciated by the Supreme Court, the United States Court of Appeals for the First Circuit and others, this Court considered whether, under the totality of the circumstances, the line-up was impermissibly suggestive. This Court finds that it was not. Even if this Court were to accept defendant's contention that the procedure was in some way suggestive, defendant has not presented persuasive evidence that it was impermissibly so. "The procedure employed did not impermissibly focus attention on [defendant]," and thus defendant's constitutional rights were not violated. *See United States v. Turner,* 892 F.2d 11, 14 (1st Cir.1989).

This Court finds that all participants in the line-up, including defendant, fell within a sufficiently narrow range as contended by the government. No attribute of defendant was particularly unique or would in any way have caused him to stand out from the others. The witnesses were not coached or instructed before or after the line-up nor pressured to pick out one of the six participants.

Because this Court finds that the line-up procedure was not impermissibly suggestive, it does not proceed to consider the second prong of the test concerning the reliability of the identification. That will be left to the jury to determine.

### ORDER

For the foregoing reasons, the defendant's motion to suppress testimony or other evidence resulting from the line-up conducted on January 20, 1993 is **DENIED.**

So ordered.